UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
WILMINGTON SAVINGS FUND SOCITY, FSB,
*doing business as* CHRISTIANA TRUST, *not
individually but as trustee for* PRETIUM
MORTGAGE ACQUISITION TRUST,

                       Plaintiff,

    -against-

MIR A. ASADSAIF, MIR N. KHAN, FARZANA
SAIF, and MATS GROUP, INC.,

                 Defendants.
-------------------------------------------------------------------x

**REPORT AND
RECOMMENDATION**
19-cv-5966 (DRH)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court in this diversity-breach of contract and real estate foreclosure action, on referral from the Honorable Denis R. Hurley for Report and Recommendation, is Plaintiff Wilmington Savings Fund Society, FSB's ("Plaintiff" or "WSFS") motion for default judgment pursuant to Rule 55, summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and a judgment of foreclosure and sale pursuant to Section 1351 of the New York Real Property Actions and Proceedings Law ("RPAPL").  *See* Plaintiff's Motion for Default Judgment, Summary Judgment, and Judgment of Foreclosure and Sale ("Plaintiff's Motion" or "Pl. Mot."), Docket Entry ("DE") [25].

      By way of Complaint dated October 24, 2019, Plaintiff commenced this action against Defendants Mir A. Asadsaif ("Asadsaif"), Mir N. Khan ("Khan"), Farzana Saif ("Saif"), and Mats Group, Inc. ("Mats Group") (collectively, "Defendants") alleging that Asadsaif, Khan and Saif have failed to repay the note secured by the property at

issue, 219 Ralph Avenue, Babylon, NY 11702 ("the Property"), and seeking to foreclose on the mortgage secured by the Property. *See* Complaint ("Compl."), DE [1]. For the reasons set forth herein, the Court respectfully recommends that Plaintiff's Motion be granted in part and denied in part.

## I.    BACKGROUND

### A. Facts

All relevant facts are taken from the Complaint, pleadings, affidavits, exhibits and Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1 ("Pl. 56.1"), DE [27].

Plaintiff WSFS is a federally chartered savings bank with "home offices" in both Delaware and South Dakota, and is "empowered to hold, manage, and dispose of assets…and to prosecute legal actions on behalf of the Pretium Mortgage Acquisition Trust including this mortgage foreclosure action." *See* Compl. ¶¶ 2-3; Pl. 56.1 ¶ 1. Defendants Asadsaif, Khan and Saif are New York residents, and Mats Group[1] is a New York corporation with its principal place of business in Patchogue, New York. *See* Compl. ¶¶ 5-8.

On or about July 18, 2006, Asadsaif, Khan and Saif obtained a mortgage loan from Wells Fargo Bank, N.A. ("Wells Fargo") in the original amount of $325,600.00, memorialized in a note (the "Note") and secured by a mortgage (the "Mortgage") on the same date, on the Property, which were properly recorded with the Suffolk County

---

[1] Apart from noting that Mats Group "is the holder of a [judgment] lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage," *see* Pl. 56.1 ¶ 8, and is a necessary party pursuant to RPAPL §1311(3), Mats Group is not mentioned in any of WSFS's motion papers.

Clerk's Office on August 8, 2006, "whereby [Asadsaif, Khan and Saif] promised to pay the sum of $325,600.00 plus interest on the unpaid amount due." *See id.* at 19-53, ¶¶ 11-12. Wells Fargo assigned the Mortgage to Plaintiff on April 19, 2016, and the Assignment of Mortgage was properly recorded with the Suffolk County Clerk's Office on May 9, 2016. *See id.* at ¶¶ 12-13. At the time of purchase, Asadsaif, Khan and Saif jointly held title to the Property. *See id.* at ¶ 15. On or about November 27, 2006, Khan transferred his interest in the Property to Asadsaif and Saif, and Saif transferred her interest in the Property to Asadsaif on or about December 26, 2007. *Id.* Asadsaif is the current owner of the Property. *Id.*

On or about August 22, 2018, Asadsaif modified the Mortgage by a loan modification agreement (the "Loan Modification Agreement"), which was properly recorded with the Suffolk County Clerk on October 17, 2018. *Id.* at ¶ 14; Pl. 56.1 ¶¶ 6-7. According to Plaintiff, Asadsaif, Khan and Saif defaulted in repayment of the Note, Mortgage and Loan Modification Agreement because they "failed to make payment in accordance with the terms of the Note and Mortgage by not making the payment that was due on December 1, 2018 [or any] subsequent payments." Compl. ¶ 16. On or about April 29, 2019, Plaintiff mailed notices of default to Asadsaif, Khan and Saif at the Property, via first-class mail. *See* Pl. 56.1 ¶ 12.

Shortly after Asadsaif's, Khan's and Saif's default, WSFS "contracted with Selene Finance LP [("Selene Finance")] to act as [Plaintiff's] mortgage loan servicer and attorney-in-fact" during the foreclosure process. *Id.* at ¶ 9. Pursuant to RPAPL §1304, Selene Finance mailed pre-foreclosure notices to Asadsaif, Khan and Saif on

or about April 29, 2019, and "listed at least five (5) housing counseling agencies" with each notice. *Id*. at ¶ 10. Within three business days of mailing the RPAPL §1304 notices, Selene Finance "electronically filed notice with the Superintendent of Financial Services on May 1, 2019 as required by RPAPL §1306(2) and confirmation number NYS4963363 was issued." *See id*. at ¶ 11.

### B. Procedural History

WSFS commenced this action against Defendants on October 24, 2019. *See* Compl. The Complaint – seeking declaratory, compensatory, punitive and equitable relief – alleges that Asadsaif, Khan and Saif failed to repay the Note secured by the Property, and that Plaintiff is entitled to foreclose on the associated mortgage. *See* Compl.

On February 11, 2020, WSFS sought leave to file a motion for summary judgment pursuant to Fed. R. Civ. P. 56 against Asadsaif and Khan, a motion for default judgment pursuant to Fed. R. Civ. P. 55 against Saif and Mats Group, and a motion for a judgment of foreclosure and sale pursuant to RPAPL § 1351 against all Defendants, *see* DE [19], and were permitted to do so by Judge Hurley. *See* Electronic Order dated February 26, 2020. On March 1, 2021, Plaintiff filed the instant unopposed motion, which Judge Hurley referred to this Court for a report and recommendation as to whether Plaintiff's Motion should be granted, and if so, to determine the appropriate remedies. *See* Electronic Order dated March 2, 2021. For the reasons set forth herein, it is respectfully recommended that Plaintiffs' Motion be

granted in part and denied in part, and that WSFS be awarded the relief described below.

## II.    LEGAL STANDARDS

### A. <u>Summary Judgment</u>

Pursuant to Fed. R. Civ. P. 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The movant bears the burden of establishing that there are no issues of material fact such that summary judgment is appropriate. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2004).  In deciding a motion for summary judgment, the Court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986) (holding that a motion for summary judgment should be denied if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the movant has met its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106

S. Ct. 1348, 1356 (1986) (internal quotation omitted); *see also Maxton v. Underwriter Labs., Inc.*, 4 F. Supp. 3d 534, 542 (E.D.N.Y. 2014) ("An issue of fact is considered 'genuine' when a reasonable finder of fact could render a verdict in favor of the non-moving party").

In determining whether summary judgment is warranted, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986); *see also Artis v. Valls*, No. 9:10-cv-427, 2012 WL 4380921, at *6, n. 10 (N.D.N.Y. Sept. 25, 2012) ("It is well established that issues of credibility are almost never to be resolved by a court on a motion for summary judgment").

## B. Default Judgment

Motions for default judgment are governed by Fed. R. Civ. P. 55, which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *See id.* at 55(b). Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages— is admitted if a responsive pleading is required and the allegation is not denied.").

6

However, the entry of a default judgment is "entrusted to the sound judicial discretion of the court," and a party is not entitled to a default judgment as a matter of right. *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (citation omitted).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In determining whether to grant a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Ferrera v. Tire Shop Ctr.*, No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015), *report and recommendation adopted*, No. 14-cv-4657, 2015 WL 3604078 (E.D.N.Y. Jun. 5, 2015) (internal quotation marks and citation omitted). Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability "as a matter of law." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015).

## III.    DISCUSSION

The Complaint alleges that Asadsaif, Khan and Saif failed to make payments in accordance with the terms of the Note and Mortgage, leaving a principal balance of $389,723.00 due and owing, at an interest rate of 4.5 percent accruing from November 1, 2018, along with late charges, monies advanced for taxes, assessments,

insurance, maintenance and preservation of the Property, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure. Compl. ¶ 17. WSFS alleges that to protect the value of and Plaintiff's rights in the Property, it may need to pay taxes, assessments, water charges, insurance premiums, and other charges, and requests that such amount be included in the total amount due. *Id.* ¶ 18.

As to relief, WSFS specifically demands: (a) judgment accelerating the maturity of the debt and determining the amount due for Plaintiff, including the costs discussed below; (b) a referee be appointed to sell the Property at auction to the highest bidder, in accordance with RPAPL Article 13; (c) the interest of Defendants and all those claiming by or through them be foreclosed, and their title, right, claim, lien, interest or equity of redemption to the property be forever extinguished; (d) WSFS be paid out of the sale proceeds the amounts due for principal, interest, late charges, taxes, assessments, insurance maintenance and preservation of the Property, as well as similar charges and costs, allowances, expenses of sale and reasonable attorney's fees, all with interest, and that the sale proceeds be distributed in accordance with RPAPL Article 13; (e) the Property be sold in its condition, subject to the facts an inspection or accurate survey of the Property would disclose; (f) Plaintiff may purchase the property at the sale; (g) a receiver be appointed for the Property, if requested by WSFS; (h) a deficiency judgment against Asadsaif, Khan and Saif for the amount remaining due after the distribution of the sale proceeds, unless the debt was discharged in a bankruptcy or is otherwise uncollectable, if

requested by Plaintiff; and (i) that any other liens WSFS possesses against the Property not merge with the Mortgage being foreclosed and that Plaintiff be allowed to share in any surplus proceeds resulting from the sale. *See* Compl. at 4. Asadsaif and Khan filed an Answer and Counterclaims to the Complaint on November 27, 2019, *see* Defendants' Asadsaif and Khan Answer to Complaint ("Ans."), DE [8], and WSFS filed an Answer to Asadsaif and Khan's Counterclaims on December 17, 2019. *See* DE [10]. On January 24, 2020, after the time for Saif and Mats Group to appear or otherwise defend this action passed, Plaintiff requested a Certificate of Default, *see* DE [15], and the Clerk of the Court entered a default against Saif and Mats Group on January 30, 2020. *See* DE [16]. Applying the standards outlined above, and for the reasons set forth below, the Court respectfully recommends that Plaintiff's Motion be granted in part and denied in part.

## A. <u>Summary Judgment Against Asadsaif and Khan</u>

Initially, WSFS argues that it is entitled to a judgment of foreclosure because it has established a *prima facie* case as a matter of law. *See* Plaintiff's Memorandum of Law in Support of its Motion for Summary Judgment, Default Judgment, Judgment of Foreclosure and Sale, and Related Relief ("Pl. Mem."), DE [26], at 12. Under New York law, a plaintiff establishes a *prima facie* entitlement to summary judgment in a foreclosure action by producing the note, the mortgage and proof of the defendant's default. *See OneWest Bank N.A. v. Louis*, No. 15-cv-597, 2016 WL 3552143, at *5 (S.D.N.Y. Jun. 22, 2016), *report and recommendation adopted by* 2016 WL 4059214 (S.D.N.Y. Jul. 28, 2016); *see also Gustavia Home, LLC v. Rutty*, 720 F.

9

App'x 27, 28-29 (2d Cir. 2017) (citing *Wells Fargo Bank, N.A. v. Walker*, 141 A.D.3d 986, 986, 35 N.Y.S.3d 591, 592 (2016)). "Once the plaintiff has established its *prima facie* case by presenting the Note, Mortgage and proof of default, the [plaintiff] [m]ortgagee has a presumptive right to foreclose, which can only be overcome by an affirmative showing by the [defendant] [m]ortgagor." *OneWest Bank N.A.*, 2016 WL 3552143, at *5 (internal quotation marks omitted).

"In a mortgage foreclosure action under New York law, 'the lender must prove...the existence of an obligation secured by a mortgage, and a default on that obligation.'" *Gustavia Home, LLC v. Rice*, No. 16-cv-2353, 2016 WL 6683473, at *2 (E.D.N.Y. Nov. 14, 2016) (quoting *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59, n. 2 (2d Cir. 1997)); *see also Gustavia Home, LLC v. Nunu*, 16-cv-3989, 2018 WL 4006881, at *5 (E.D.N.Y. Jun. 29, 2018); *E. Sav. Bank, FSB v. Ferro*, No. 13-cv-5882, 2015 WL 778345, at *6 (E.D.N.Y. Feb. 24, 2015). Consequently, "in a New York mortgage foreclosure action, a plaintiff makes a *prima facie* case...where the foreclosing party produces documentary evidence establishing the three elements of a foreclosure claim: (1) a mortgage, (2) a note, and (3) proof of default on the note by the mortgagor." *CIT Bank, N.A. v. Escobar*, No. 16-cv-3722, 2017 WL 3614456, at *4 (E.D.N.Y. Jun. 16, 2017), *report and recommendation adopted*, 2017 WL 3634604 (Aug. 18, 2017) (quotations omitted).

Applying the above standards, the Court concludes that Plaintiff has established its *prima facie* case by submitting copies of the Note and Mortgage, together with the notices of default sent to Asadsaif, Khan and Saif (the "Notices of

Default") (attached as Exhibit 4 to Plaintiff's Affidavit of Mailing of 90-Day Notices and Notices of Default ("Mailing Aff."), DE [28-10]), the 90-day pre-foreclosure notices required by New York law sent to Asadsaif, Khan, Saif and Mats Group (the "90-Day Notices"), *see* Mailing Aff. Ex. 1, and an affidavit from Dawn Horne, an employee of Selene LLP, attesting to Asadsaif's, Khan's and Saif's failure to timely make payments due under the Mortgage. *See* Affidavit of Dawn Horne ("Horne Aff."), DE [28-9], ¶¶ 3-12 and attachments.

Defendants did not oppose Plaintiff's Motion, let alone provide evidence creating a dispute of fact regarding either the authenticity or accuracy of WSFS's evidence. Therefore, the Court ends its analysis and concludes that Plaintiff is entitled to a judgment of foreclosure against Asadsaif and Khan because of their lack of opposition. *See OneWest Bank N.A.*, 2016 WL 3552143, at *5-6 (noting that a defendant must make an evidentiary "showing sufficient to overcome [the plaintiff's] presumptive right to foreclosure" and that failure to file an opposition to a summary judgment motion means a party "cannot defeat summary judgment"); *1st Bridge LLC v. William Lee Freeman Garden Apts. LLC*, No. 10-cv-3191, 2011 WL 2020568, at *1 (S.D.N.Y. May 23, 2011) ("Because the defendants have not opposed the plaintiff's motion, they have not met their burden of producing evidence of a question of fact regarding any defenses to foreclosure.").

Accordingly, the Court respectfully recommends that Plaintiff's unopposed motion for summary judgment against Asadsaif and Khan be granted. *See Escobar*, 2017 WL 3614456, at *4 ("If nothing is shown once these three elements are proven,

then summary judgment in favor of the movant is appropriate."), *report and recommendation adopted*, 2017 WL 3634604 (Aug. 18, 2017).

### B. Default Judgment Against Saif and Mats Group

#### 1. RPAPL § 1304 Notice

Before discussing whether default judgment against Saif and Mats Group is warranted in this case, the Court must address a threshold issue regarding statutory notice. The Court finds that the pre-foreclosure notices attached to Plaintiff's Affidavit of Mailing are sufficient to establish compliance with RPAPL § 1304 for purposes of the present default proceeding.

New York RPAPL § 1304 provides that, "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower...such lender, assignee or mortgage loan servicer shall give notice to the borrower." RPAPL § 1304(1). RPAPL § 1304(1) further sets forth the requirements for the content of such notice, and RPAPL § 1304(2) provides that such notice shall be sent by "registered or certified mail and also by first-class mail to the last address of the borrower" and the "[n]otice is considered given as of the date it is mailed." *Id.* §§ 1304(1)-(2).

The Second Circuit has recognized that "[p]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 533 (2d Cir. 2020) (quoting *Deutsche Bank Nat. Tr. Co. v. Spanos*, 102 A.D.3d 909, 910, 961 N.Y.S.2d

200, 202 (2d Dep't 2013)), *certified question accepted*, 34 N.Y.3d 1137, 119 N.Y.S.3d 419 (2020).   A plaintiff-lender can demonstrate compliance with RPAPL § 1304 by showing "proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure."   *Id.* (quoting *Citibank, N.A. v. Conti-Scheurer*, 172 A.D.3d 17, 22, 98 N.Y.S.3d 273, 277 (2d Dep't 2019)).   Proof of a standard office mailing procedure gives rise to a presumption that a notice was received, although that presumption may be rebutted by "a showing that [the] routine office practice was not followed or was so careless that it would be unreasonable to assume that the notice was mailed." *Id.* (quoting *Nassau Ins. Co. v. Murray*, 46 N.Y.2d 828, 830, 414 N.Y.S.2d 117, 118 (1978)).

In answering the questions certified by the *Schiffman* court, the New York Court of Appeals recently held that a mortgagor may only rebut the presumption that RPAPL § 1304 notice was received by furnishing "proof of a material deviation from an aspect of the office procedure that would call into doubt whether the notice was properly mailed, impacting the likelihood of delivery to the intended recipient[,]" such "that the inference that the notice was properly prepared and mailed is significantly undermined.   Minor deviations of little consequence are insufficient."   *CIT Bank N.A. v. Schiffman*, No. 11, 2021 WL 1177940, at *3 (Mar. 30, 2021).

Applying these standards, the Court finds that WSFS has provided documentation of pre-foreclosure notices in its Complaint which conform to the

statutory notice format provided under RPAPL § 1304(1). *See* Mailing Aff. Ex. 1-2. In addition to the statutory notice, Plaintiff submitted U.S. Postal Service Certified Mail receipts. *See id.* The notices of default were addressed to Saif and Mats Group, and the accompanying mail receipts indicate that the notices were mailed to their last known addresses, those being the Property. *Id.* Defendants have not rebutted the presumption of receipt of RPAPL § 1304 notice because they have not opposed Plaintiff's Motion. Accordingly, the Court finds that WSFS has established its compliance with RPAPL § 1304 for purposes of the present default proceeding.

### 2. RPAPL § 1306 Notice

This Court further finds that Plaintiff has demonstrated its compliance with RPAPL § 1306, which requires that a "lender, assignee or mortgage loan servicer...file with the superintendent of financial services...within three days of mailing of the [§ 1306 notice]...the information required by subdivision two of this section." RPAPL § 1306(1). RPAPL § 1306(2) mandates that such a filing "include at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue." RPAPL § 1306(2). Upon review of the Proof of Filing Statements issued by the New York State Department of Financial Services attached to the Mailing Affidavit, the Court finds that Plaintiff has satisfied this filing requirement, as required under RPAPL § 1306 as well. *See* Mailing Aff. Ex. 3.

14

### 3. Liability as to Saif

WSFS names Saif as an additional defendant-mortgagor in its Complaint. Compl. ¶ 7. As set forth above, to show a defaulting mortgagor's liability in a New York mortgage foreclosure action, a plaintiff-lender must show (1) a mortgage, (2) a note, and (3) proof of default. *See United States v. Estate of Callard*, No. 11-cv-4819, 2017 WL 685604, at *8 (E.D.N.Y. Feb. 1, 2017) (quoting *E. Sav. Bank, FSB v. Bright*,     No. 11-cv-1721, 2012 WL 2674668, at *3 (E.D.N.Y. Jul. 5, 2012)), *report and recommendation adopted*, 2017 WL 684191 (E.D.N.Y. Feb. 21, 2017). "If those elements are established, the mortgagee has a 'presumptive right to collect.'" *OneWest Bank, NA v. Raghunath*, 14-cv-3310, 2015 WL 5772272, at *3 (E.D.N.Y. Sept. 8, 2015) (citation omitted).

Here, Plaintiff has made an adequate showing of the first two elements by producing a valid mortgage and note. *See* Mortgage & Note. Additionally, WSFS has shown default on the loan obligations by establishing a failure to pay off the Note and providing the Mailing Affidavit and exhibits annexed thereto and the Horne Affidavit. *See Brito*, 2020 WL 7699950, at *5; *W. Coast 2014-7, LLC v. Hamilton*, No. 17-cv-3918, 2018 WL 6251353, at *2 (E.D.N.Y. Nov. 8, 2018) (finding liability based on notices of default, mailing receipts and the plaintiff's representative's affidavit); *see also U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012). Accordingly, the Court recommends that default judgment be entered against Defendant Saif.

### 4. Liability as to Mats Group

Plaintiff also names Mats Group as a defendant because it is "the holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage. Compl. ¶ 8.

Courts regularly enter default judgment in foreclosure actions against defendants with "nominal interests" in the relevant property, such as parties holding liens that are subordinate to the plaintiff's interest. *See, e.g.*, *E. Sav. Bank, FSB v. Beach*, No. 13-cv-341, 2014 WL 923151, at *8 (E.D.N.Y. Mar. 10, 2014); *see also E. Sav. Bank, FSB v. Strez*, No. 11-cv-1543, 2013 WL 6834806, at *6 (E.D.N.Y. Dec. 20, 2013) (entering default judgment against the "holder of a subordinate lien on the premises" who failed to respond to the complaint). When default judgment is entered against a defendant with a "nominal interest" in a property, that defendant's interest in the relevant property is terminated. *See E. Sav. Bank, FSB v. Bright*, No. 11-cv-1721, 2013 WL 3282889, at *2 (E.D.N.Y. Jun. 27, 2013) (foreclosing the interests of a defaulting defendant who held "a subordinate second mortgage on the premises"); *Bank of Am., N.A. v. 3302 Atl., LLC*, No. 10-cv-2504, 2012 WL 2529196, at *14 (E.D.N.Y. Jun. 29, 2012) (collecting cases).

RPAPL § 1311 provides that "the necessary parties to a mortgage foreclosure action include: '[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff.'" *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-cv-5204, 2012 WL 2529196, at *14 (E.D.N.Y. Jun. 23, 2012) (quoting N.Y. RPAPL § 1311(3)). "This rule derives from the underlying

objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." *Id.* (internal citation and quotation marks omitted).

To establish liability as to a non-mortgagor defendant, a plaintiff must allege "nominal liability – that any judgments the non-mortgagor defendant has against the mortgagor defendant, if asserted as a lien on the mortgage property, is subordinate to the plaintiff's lien." *Courchevel 1850 LLC v. Rodriguez*, No. 17-cv-6311, 2019 WL 2233828, at *7 (E.D.N.Y. May 22, 2019) (citation and quotations marks omitted); *Gustavia Home, LLC v. Lawrence*, No. 16-cv-4010, 2017 WL 4404434, at *4 (E.D.N.Y. Jun. 22, 2017) ("Entry of default judgment against a non-mortgagor defendant is generally appropriate where the complaint alleges 'nominal liability.'") (citation omitted).

Here, the Complaint contains well-pleaded allegations of nominal liability against the non-mortgagor Defendant Mats Group. *See* Compl. ¶ 8; *see also E. Sav. Bank, FSB v. Robinson et al.,* No. 13-cv-7308, 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016), *adopted by*, 2016 WL 3102021 (E.D.N.Y. Jun. 2, 2016) (allegations in the complaint alone were sufficient to establish nominal liability for the purpose of terminating an interest in property by a non-governmental judgment-holder); *Windward Bora LLC v. Baez*, No. 19-cv-5698, 2020 WL 4261130, at *3-4 (E.D.N.Y. Jul. 24, 2020) (Heightened pleading standard under New York [RPAPL] § 202 inapplicable to non-governmental agencies).  Accordingly, the Court recommends that default judgment be entered against Mats Group.

### C. **Damages & Remedies**

Once liability is established, the court must ascertain damages with "reasonable certainty." *Hosking v. New World Mortg., Inc.*, 570 F. App'x 28, 31 (2d Cir. 2014). To prove damages, the plaintiff need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992). An evidentiary hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

Plaintiff seeks to recover damages in the amount of $540,054.40, which includes: (i) the unpaid principal balance on the Note of $389,723.00; (ii) the unpaid balance under the Loan Modification Agreement of $104,191.33; (iii) $28,426.85 in interest from November 1, 2018 to June 19, 2020 at a rate of 4.500%, along with interest at the same rate until judgment is entered, and at the statutory rate thereafter; (iv) advances for hazard insurance of $2,693.00; (v) advances for taxes of $14,811.88; (vi) advances for property inspections and preservation of $630.00; and (vii) filing fees and costs of $1,890.00 *See* Plaintiff's Statement of Damages ("Damages Stmt."), DE [28-11], at 1-2. [2] WSFS applied to this debt a credit from prior payments, in the amount of $2,311.66. *Id.* Plaintiff also moves for entry of Judgment

---

[2] While the parties agreed to a 6.500% interest rate in the Note, *see* Note § 2, the interest rate was modified to 4.500% under the Loan Modification Agreement. *See* Loan Modification Agreement § 2.

of Foreclosure and Sale permitting it to foreclose upon and sell the Property at auction. *See* Pl. Mot.

### 1. Total Amount Due on the Note, Mortgage and Loan Modification Agreement

#### a. *Unpaid Principal Balance*

Pursuant to the terms of the Note and Mortgage, Asadsaif, Khan and Saif agreed to pay WSFS a total of $325,600.00 in principal. *See* Compl. ¶ 11; Note § 1. The Note further provides that Plaintiff may, in the event of a default, require Asadsaif, Khan and Saif to pay "immediately the full amount of principal which has not been paid and all the interest that [Defendants] owe on that amount." Note § 7(C).

In support of the instant motion, WSFS submits the Horne Affidavit, wherein Dawn Horne states that, at the time of Asadsaif's, Khan's and Saif's default on December 28, 2018, the unpaid interest-bearing principal balance was $389,723.00 and the unpaid non-interest-bearing principal balance was $104,191.33. *See* Horne Aff. ¶ 10. Plaintiff's allegations and the documentation submitted similarly establish that after Asadsaif's, Khan's and Saif's initial default, they did not make any further payments to reduce the unpaid principal balance. *See id.* at ¶ 6; Compl. ¶ 17. Therefore, the Court recommends that WSFS be awarded $493,914.33 to recover the total unpaid principal balance against Asadsaif, Khan and Saif.

#### b. *Interest*

The terms of the Loan Modification Agreement also provide that interest accrues on the outstanding interest-bearing principal balance at an annual rate of

4.500% both before and after default.  *See* Loan Modification Agreement § 2.  The documentary evidence submitted by Plaintiff establishes that Asadsaif, Khan and Saif failed to make the payment due on December 28, 2018 and all subsequent payments.  *See* Horne Aff. ¶ 6.  Applying the Loan Modification Agreement's 4.500% annual interest rate to the $389,723.00 unpaid interest-bearing principal balance, interest accrues at a rate of $48.04 per day.  As of the date of this Report and Recommendation, Asadsaif, Khan and Saif have failed to pay 951 days of accrued interest since November 1, 2018.  The Court therefore recommends that WSFS be awarded $45,695.55 to recover unpaid interest through the date of this Report and Recommendation.  The Court further recommends that Plaintiff be awarded $48.04 per day interest until the date on which judgment is entered.  *See E. Sav. Bank, FSB v. McLaughlin*, No. 13-cv-1108, 2015 WL 5657355, at *1 (E.D.N.Y. Aug. 17, 2015) (recommending an award of *per diem* interest in an action for judgment of foreclosure and sale), *report and recommendation adopted*, No. 13-cv-1108, 2015 WL 5664454 (E.D.N.Y. Sept. 24, 2015).

In addition, the Court recommends awarding post-judgment interest to be calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered.  *See* 28 U.S.C. § 1961 (a) ("[I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."); *see also Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) (holding

20

that post-judgment interest is mandatory and calculated pursuant to federal statute); *Builders Bank v. N. Funding, LLC*, No. 08-cv-3575, 2012 WL 4928854, at *1 (E.D.N.Y. Oct. 16, 2012) (awarding post-judgment interest at the federal rate in action for judgment of foreclosure and sale).

> **c.** *Advances for Taxes, Insurance, Property Inspections and Preservation*

Plaintiff also seeks to recover advances totaling $18,134.88, comprised of:  (i) $2,693.00 in hazard insurance costs; (ii) $14,811.88 in taxes; and (iii) $630.00 in property inspections and preservation costs.  *See* Damages Stmt.  Pursuant to the Mortgage, Asadsaif, Khan and Saif are responsible for "Escrow Items," which include, among other things, taxes, assessments, leasehold payments and insurance premiums.  *See* Mortgage §§ 3(a), 4; *see also* Compl. ¶ 18.  In addition, WSFS may charge Asadsaif, Khan and Saif "fees for services performed in connection with [their] default, for the purpose of protecting [Plaintiff's] interest in the [Subject] Property and rights" under the Mortgage.  Mortgage § 14.

After a review of the records attached to the Horne Affidavit, the court finds that WSFS has provided sufficient documentation to substantiate its requests. Accordingly, the Court recommends that the application for an award of $18,134.88 for hazard insurance, taxes, property inspections and preservation be granted.

### 2.  Fees and Disbursements

WSFS further seeks a total of $1,890.00 in fees and disbursements, comprised of:  (i) the $400.00 filing fee in this action; (ii) $1,250.00 for service of the Summons and Complaint; (iii) the $220.00 Notice of Pendency filing fee; and (iv) $20.00 for

postage costs. *See* Damages Stmt. Both the Note and the Mortgage provide for the recovery of fees, costs and other expenses incurred by Plaintiff in connection with its enforcement of those instruments. *See* Note § 7(E); Mortgage § 19.

In this Circuit, reasonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable. *See LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998); *see also OneWest Bank, NA v. Raghunath*, No. 14-cv-3310, 2015 WL 5772272, at *7 (E.D.N.Y. Sept. 8, 2015), *report and recommendation adopted sub nom.*, No. 14-cv-3310, 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015). The party seeking to recover costs, however, "bears the burden of adequately documenting and itemizing the costs requested." *Ganci v. U.S. Limousine Serv. Ltd.*, No. 10-cv-3027, 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015) (internal quotation marks and citation omitted). A party is not entitled to recover costs for which it provides inadequate substantiation. *See Douyon v. N.Y. Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 352 (E.D.N.Y. 2014) (finding that without underlying documentation of itemized expenses, the Court has "no way of confirming" that costs were incurred by counsel); *Joe Hand Promotions, Inc. v. Elmore*, No. 11-cv-3761, 2013 WL 2352855, at *12 (E.D.N.Y. May 12, 2013) (declining to award costs due to an absence of documentation).

As an initial matter, the Court takes judicial notice that WSFS incurred the $400.00 filing fee in this action. *See* DE [1]; *see also Douyon*, 49 F. Supp. 3d at 352 (taking judicial notice of the filing fee reflected on the docket). Additionally, Plaintiff has submitted invoices from: (i) Provest and Alstate Process Service, Inc., that

sufficiently evidence the $1,250.00 fee in connection with serving the Summons and Complaint upon Defendants; (ii) $20.00 for postage costs; and (iii) Suffolk County Supreme Court payment receipts that sufficiently evidence the $220.00 notice of pendency filing fee. *See* Damages Stmt. at 3-9. Accordingly, the Court recommends that WSFS be awarded a total of $1,890.00 for fees and disbursements, including post-judgment interest thereon pursuant to 28 U.S.C. § 1961(a).

### 3. Attorney's Fees

Additionally, WSFS seeks to recover an unspecified amount in attorney's fees. *See* Pl. Mem. at 23-24. In a diversity action, such as the instant matter, state law governs the issue of counsel fee availability. *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 177 (2d Cir. 2005) (noting that "[s]tate law creates the substantive right to attorney's fees"). Attorney's fees in mortgage foreclosure actions may only be recovered if they are contractually authorized, as there is no statute in New York providing for the recovery of attorney's fees in such actions. *Vigo v. 501 Second St. Holding Corp.*, 121 A.D.3d 778, 779, 994 N.Y.S.2d 354, 356 (2d Dep't 2014) (internal citation omitted).

Here, both the Note and the Mortgage entitle WSFS to recover reasonable attorney's fees in the event Asadsaif, Khan and Saif default and Plaintiff files a lawsuit for foreclosure of the Property. *See* Note § 7(E); Mortgage §§ 14, 19(c). Notwithstanding, a contractual provision providing for attorney's fees "may only be enforced to the extent that the amount sought is reasonable and warranted for the services actually rendered." *Vigo*, 121 A.D.3d at 779, 994 N.Y.S.2d at 356 (internal

citation omitted).  "In determining reasonable compensation for an attorney, the court must consider such factors as the time, effort and skill required; the difficulty of the questions presented; counsel's experience, ability and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation." *People's United Bank v. Patio Gardens III, LLC*, 143 A.D.3d 689, 691, 38 N.Y.S.3d 262, 264 (2d Dep't 2016) (internal quotation marks and citation omitted).

Here, Plaintiff does not specify the amount of attorney's fees requested, nor does WSFS provide any bills upon which the Court may rely to determine the amount sought.  Accordingly, the Court recommends that Plaintiff's application for attorney's fees be denied without prejudice and with leave to renew upon the submission of the appropriate supporting documentation.

### 4.  Judgment of Foreclosure and Sale and Appointment of Referee

Finally, WSFS seeks a judgment of foreclosure and sale of the Property, which also appoints a Referee to conduct the sale.  *See* Pl. Mot.  A plaintiff is entitled to foreclose upon and sell a property if it demonstrates "the existence of an obligation secured by a mortgage, and a default on that obligation." *OneWest Bank, N.A. v. Denham*, No. 14-cv-5529, 2015 WL 5562980, at \*5 (E.D.N.Y. Aug. 31, 2015), *report and recommendation adopted*, No. 14-cv-5529, 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015) (internal quotation marks and citation omitted).  Courts routinely appoint referees to effectuate the sale of foreclosed properties.  *See, e.g.*, *PMB Tech. Servs., LLC v. Mazoureix*, No. 14-cv-4834, 2015 WL 5664823, at \*1 (E.D.N.Y. Sept. 23, 2015) (awarding a judgment of foreclosure and sale under the supervision of a referee); *E.*

24

*Sav. Bank, FSB v. Evancie*, No. 13-cv-878, 2014 WL 1515643, at *1 (E.D.N.Y. Apr. 18, 2014).

Because Plaintiff has established its presumptive right to foreclose upon the Property, the Court recommends that a judgment of foreclosure be entered and that Ernest Thomas Bartol, Esq., the attorney proposed by Plaintiff to serve as Referee, be appointed as Referee to effectuate the sale of the Property. In addition, the Court recommends that the proceeds of the sale be applied to the total amount owed on the Note as set forth above. *See Denham*, 2015 WL 5562980, at *14 (recommending a foreclosure and sale with the proceeds being applied to the outstanding amount owed on the note).

## IV. CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Plaintiff's Motion be granted in part and denied in part, and that Plaintiff be awarded against Asadsaif, Khan and Saif damages in the amount of $540,054.40, which includes: (i) the unpaid principal balance on the Note of $389,723.00; (ii) the unpaid balance under the Loan Modification Agreement of $104,191.33; (iii) $45,695.55 in unpaid accrued interest from November 1, 2018 to June 9, 2021 at a rate of 4.500%, plus *per diem* interest of $48.04 until judgment is entered, and post-judgment interest pursuant to 28 U.S.C. § 1961(a); (iv) advances for hazard insurance of $2,693.00; (v) advances for taxes of $14,811.88; (vi) advances for property inspections and preservation of $630.00; (vii) filing fees and costs of $1,890.00; and (viii) a credit in

the amount of Defendants' prior payments – $2,311.66 – applied to the above amounts.

The Court further recommends that WSFS's request for attorney's fees be denied without prejudice and with leave to renew upon the submission of the appropriate supporting documentation. Finally, the Court recommends that an Order similar to Plaintiff's Proposed Judgment of Foreclosure and Sale, *see* DE [28-12], but consistent with this Report and Recommendation, be entered and that Ernest Thomas Bartol, Esq. be appointed Referee to effectuate the sale of the Property.

## V.    OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below. Plaintiff is directed to serve a copy of it on each Defendant via first-class mail and promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:      Central Islip, New York
             June 9, 2021

                          /s/ Steven I. Locke
                          STEVEN I. LOCKE
                          United States Magistrate Judge